IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                            No. 10CR1809 WJ

ELODIA SAMORA,

    Defendant.

**MEMORANDUM ORDER AND OPINION DENYING DEFENDANT'S MOTION TO SUPPRESS AND DENYING DEFENDANT'S MOTION FOR DISCOVERY**

THIS MATTER comes before the Court on Defendant Elodia Samora's Motion for Suppression of Evidence (Doc. 17) and Defendant's Motion for Discovery and Inspection Concerning Government's Use of Informants, Operatives and Cooperating Individuals and for Disclosure of Exculpatory Evidence Concerning Government's Use of Informants, Operatives and Cooperating Individuals (Doc. 27). Defendant was arrested by a Pecos Valley Drug Task Force agent following information obtained by a confidential informant, and taken to the Eddy County Detention Center, where a strip search was performed which uncovered methamphetamine. Defendant moves to suppress that evidence, arguing that the stop, seizure, and search violated her Fourth Amendment rights. Defendant also moves for the disclosure of the identify of a confidential informant who provided the information that led to her arrest and subsequent strip search. The Court held a hearing on the suppression motion on August 19, 2010, which was continued on October 28, 2010 to pursue the issue of the confidential informant. Because the stop, seizure, and search were not conducted in violation of Defendant's rights, and

because Defendant has not shown that the need for disclosure of confidential informant's identity outweighs the government's privilege not to disclose the identity, the Court DENIES both motions.

## BACKGROUND

On February 25, 2010, Defendant was a passenger in a green Ford Focus which was stopped by Carlsbad Police Department Corporals Ernie Mendoza and Jaime Balencia. The officers were joined by an agent with the Pecos Valley Drug Task Force ("PVDTF"), Allen Sanchez. The PVDTF had received information from an unidentified confidential informant ("CI") who indicated that Defendant would be traveling in a green Ford Focus in possession of a large amount of methamphetamine hidden either in the car or inside her body. The CI had further indicated that there was an outstanding warrant for Defendant's arrest. Agent Sanchez then verified that Defendant did have an outstanding municipal court warrant from Artesia. Because Agent Sanchez had previous contact with Defendant, he was able to recognize her as the person named in the warrant.

During the stop of the vehicle, Agent Sanchez asked Defendant to step out of the car and speak with him. At this point, Agent Sanchez observed a piece of a plastic grocery bag fall either out of the car or off of Defendant's person. When asked about possible drugs on her or in the car, Defendant denied that there were any. Agent Sanchez read Defendant her *Miranda* rights, and Defendant asked to speak with a lawyer. She was then arrested. With the permission of the driver of the car, Agent Sanchez and a local canine handler searched the vehicle with the aid of a drug dog. The dog alerted to the inside of the car, but no drugs were found.

Corporal Balencia then transported Defendant to the Eddy County Detention Center. Agent Sanchez requested that Detention Center Officer Danette Martinez perform a strip search

of Defendant, based on the information from the CI that she was hiding drugs in a body cavity. When Officer Martinez performed the search, she noticed a white tab in between Defendant's legs. When Defendant complied with the request to remove the object, a white plastic grocery bag containing five separate clear bags was discovered. Subsequent testing revealed four of the clear bags to contain methamphetamine.

Defendant filed a motion to suppress the evidence obtained as a result of that search, arguing that the information from the unidentified CI did not furnish the police with reasonable suspicion to stop the car or instigate a seizure of Defendant's person, and that the strip search was unreasonable because it was performed in violation of the detention center procedures. Defendant also moves to uncover the identity of the CI, arguing that without this information she cannot fully exercise her right to effective assistance of counsel. The United States responds that the CI's information was reliable and provided a legal justification for the stop, seizure, and subsequent search. The United States also argues that Defendant has the burden of showing that the disclosure of the identity of the CI would favor her defense, which the United States maintains she has not done.

At the hearing held on October 28, 2010, the Court heard evidence relating to the suppression motion and the issue of the CI. The Court ruled that Defendant had not met her burden with regard to showing that the information from the CI would be noncumulative and relevant to her defense. The Court thus denied the motion for discovery of the CI's identity. Defense counsel renewed the motion in the form of a request that the government be required to disclose the information *in camera*, based on his concern that Agent Sanchez did not testify truthfully at the first suppression hearing held on August 19, 2010. The government objected to that request. Having taken the matter under advisement, the Court now declines to grant defense


of Defendant, based on the information from the CI that she was hiding drugs in a body cavity. When Officer Martinez performed the search, she noticed a white tab in between Defendant's legs. When Defendant complied with the request to remove the object, a white plastic grocery bag containing five separate clear bags was discovered. Subsequent testing revealed four of the clear bags to contain methamphetamine.

Defendant filed a motion to suppress the evidence obtained as a result of that search, arguing that the information from the unidentified CI did not furnish the police with reasonable suspicion to stop the car or instigate a seizure of Defendant's person, and that the strip search was unreasonable because it was performed in violation of the detention center procedures. Defendant also moves to uncover the identity of the CI, arguing that without this information she cannot fully exercise her right to effective assistance of counsel. The United States responds that the CI's information was reliable and provided a legal justification for the stop, seizure, and subsequent search. The United States also argues that Defendant has the burden of showing that the disclosure of the identity of the CI would favor her defense, which the United States maintains she has not done.

At the hearing held on October 28, 2010, the Court heard evidence relating to the suppression motion and the issue of the CI. The Court ruled that Defendant had not met her burden with regard to showing that the information from the CI would be noncumulative and relevant to her defense. The Court thus denied the motion for discovery of the CI's identity. Defense counsel renewed the motion in the form of a request that the government be required to disclose the information *in camera*, based on his concern that Agent Sanchez did not testify truthfully at the first suppression hearing held on August 19, 2010. The government objected to that request. Having taken the matter under advisement, the Court now declines to grant defense

counsel's request, and denies Defendant's motion to suppress the evidence.

## ANALYSIS

A traffic stop is valid if the police had "reasonable suspicion" that a suspect has engaged or is about to engage in criminal activity. *United States v. Callarman*, 273 F.3d 1284, 1287 (10th Cir. 2001). "A confidential tip may justify an investigatory stop if under the totality of the circumstances the tip furnishes both sufficient indicia of reliability and sufficient information to provide reasonable suspicion that criminal conduct is, has, or is about to occur." *United States v. Leos-Quijada*, 107 F.3d 786, 792 (10th Cir. 1997). Courts "consider the credibility or veracity of the informant, the basis of the informant's knowledge, and the extent to which the police are able independently to verify the reliability of the tip." *Id.* An unidentified informant's tip provides a constitutional basis for a seizure so long as the information is reasonably corroborated by other matters within the officer's knowledge. *Illinois v. Gates*, 462 U.S. 213, 242 (1983). The tip must be "reliable in its assertion of illegality, not just in its tendency to identify a determinate person." *Florida v. J.L.*, 529 U.S. 266, 272 (2000).

*United States v. Helton* involved a situation similar to the case at hand. 232 F. App'x 747 (10th Cir. 2007). The district court in that case found that "a reliable and disinterested source informed Officer Kennedy that he could find Lisa Spiegal, a person wanted on an outstanding felony warrant, at a particular location and that she had been the passenger in a particular vehicle." *Id.* at 750. The Tenth Circuit agreed, concluding that "Officer Kennedy's identification of the passenger as Ms. Spiegel and his decision to stop the vehicle on the basis of the arrest warrant were reasonable." *Id.*

At the suppression hearing, Agent Sanchez testified that he had previous dealings with the Defendant. Trans. of August 19, 2010 Suppression Hearing at 7-10 (Doc. 37). He testified

that information from this informant had been verified in the past, on more than one occasion. *Id.* at 10. The tip itself was detailed as to the make and model of the car, and the area in which the car was going to be present at a particular time. *Id.* at 10-11. This information was sufficient to allow Agent Sanchez to locate Defendant, and because of his previous contact with Defendant, he was able to identify her as the subject of the outstanding arrest warrant. Crucially, at this point, it was not the information provided by the CI that formed the basis of the arrest. Rather, the basis for the initial stop and the arrest was the independently verified outstanding arrest warrant and the fact that Agent Sanchez himself recognized her as the person named in the warrant.

Defendant argued at the hearing that the warrant was not an independent basis for the arrest because the PVDTF would not have known of the warrant without being alerted to its existence by the tip from the CI. In making this argument, however, Defendant necessarily recognizes that the tip from the CI was proven reliable by corroboration "by other matters within the officer's knowledge," that is, the existence of the warrant within the police database. Thus, she cannot prevail on this argument. There was reasonable suspicion for the stop of the vehicle in which Defendant was a passenger based on the CI's tip which was reliable and corroborated.

The reliability of the CI's information also justified the strip search at the detention center. A strip search is legal if "there is reasonable suspicion that the detainee has concealed weapons, drugs, or contraband." *Archuleta v. Wagner*, 523 F.3d 1278, 1284 (10th Cir. 2008). The case of *United States v. Jones* approved of a strip search where "reliable confidential informants already had alerted police that [the defendant] typically transported drugs in his buttocks." 341 F. App'x 176, 178 (7th Cir. 2009). Here, there were several factors contributing to the reasonableness of Agent Sanchez's instruction to perform a strip search of Defendant at

the detention facility. The CI was known to the police to have been reliable in the past, and his information concerning Defendant's location and outstanding arrest warrant were corroborated. When searching the car, the police department used a drug dog who alerted to the spot in the car where Defendant had been sitting, but no drugs were found, indicating that the drugs had been moved outside of the car. Agent Sanchez also noticed a piece of plastic bag fluttering outside the car when the Defendant exited. Although the government and the defense do not agree on whether the plastic fell off of Defendant's person or merely came from inside the car when she exited, the piece of bag is relevant because it was the same type of bag which Defendant turned out to be using to conceal drugs on her body. Detention centers certainly have a legitimate interest in controlling contraband within the facility, and taken together, the circumstances of Defendant's arrest provided a reasonable basis for the search.

Lastly, the Court declines to grant Defendant's request for an *in camera* disclosure of the identity of the CI. The Court has denied Defendant's request for disclosure of the CI's identity on the basis of *Roviaro v. United States*, 353 U.S. 53 (1957). *Roviaro* held that disclosure is mandated when the CI was present during the commission of the crime and thus constituted the only available witness for the defense besides the defendant. In this case, Agent Sanchez testified that the driver of the car, Jimmy Sanchez, was not the CI whose information led to the traffic stop and the arrest. Trans. of August 19, 2010 Suppression Hearing at 31 (Doc. 37). Thus, *Roviaro* does not apply to the facts of this case.

In response to that ruling, defense counsel articulated his belief that the agent was not testifying truthfully, because he could not think of anyone else besides the driver of the car who would have been privy to the type of information the CI disclosed to the police. On that basis, defense counsel requested *in camera* verification of the agent's testimony. Counsel could not,

however, provide any authority that required more than an agent's testimony during a suppression hearing that a CI has been reliable in the past. There is thus no legal basis to second guess the agent's testimony. The Court will not accuse an agent of perjury on the basis of defense counsel's "hunch" that the agent has lied on the stand. Therefore, the evidence in this case will not be suppressed, and the government will not be required to disclose the CI's identity.

**THEREFORE, IT IS ORDERED** that Defendant Elodia Samora's Motion for Suppression of Evidence (Doc. 17) is hereby DENIED. Defendant's Motion for Discovery and Inspection Concerning Government's Use of Informants, Operatives and Cooperating Individuals and for Disclosure of Exculpatory Evidence Concerning Government's Use of Informants, Operatives and Cooperating Individuals (Doc. 27) is DENIED, and Defendant's request for *in camera* disclosure is DENIED.

_____
UNITED STATES DISTRICT JUDGE